IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES LORAN MCGREW                                                                            PLAINTIFF

      v.                       CIVIL NO. 2:12-cv-02167-PKH-JRM

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James Loran McGrew, filed this action on July 30, 2012, seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). Pl.'s Comp., ECF No. 1. In place of an answer, the Commissioner filed a motion to remand for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 9. Specifically, the Commissioner seeks remand to consider new, material evidence submitted to the Appeals Council, but not considered. Def.'s Mot. Remand 2. The Commissioner states that he contacted Plaintiff's attorney, who does not oppose the motion. *Id.*

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. 42 U.S.C. § 405(g).

Here, the undersigned finds remand to allow the Commissioner to further evaluate the evidence as addressed above, appropriate. Therefore, it is recommended that the Commissioner's motion be granted and the case be remanded for further administrative action pursuant to sentence six of section 405(g).

**The parties have <u>fourteen</u> days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 1st day of October 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)