IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES LORAN MCGREW                                                          PLAINTIFF

     v.                                                   CIVIL NO. 12-2167

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 12. The Defendant has filed a response . ecf No. 14. The case is presently before the undersigned for report and recommendation.

Plaintiff appealed the Commissioner's denial of benefits to this court. On November 2, 2012, an Order was entered remanding the case pursuant to sentence six of 42 U.S.C. § 405(g). ECF No. 11. On December 14, 2012, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $766.50, representing a total of 3.30 attorney hours for work performed in 2012 at a rate of $180.00 per hour and 2.30 paralegal hours at a rate of $75.00 per hour. ECF No. 13-2. In his motion, Plaintiff inaccurately states that the matter was remanded pursuant to "sentence four." On December 19, 2012, the Defendant filed a response objecting to Plaintiff's motion because a sentence six remand does not entitle the Plaintiff to an EAJA award. ECF No. 14. We agree.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. While it is true that "sentence four" remands confer prevailing party status, remands pursuant to "sentence six" do not. *See Shalala v. Schaefer* 509 U.S. 292, 301 (1993). Section 405(g) permits a court to remand a case to the Commissioner where the Commissioner requests a remand before answering the complaint or where new material evidence is adduced that was for good cause not presented before the agency. *See id.* at 297 n.2. This type of remand, also known as a "sentence six"

remand, is not a judgment on the merits. Instead, the Court retains jurisdiction pending completion of the administrative proceedings, and entry of a final judgment is delayed until after the post-remand agency proceedings have been completed and the agency's results have been filed with the court. *See id.* at 296. In these cases, the time period for filing a motion pursuant to the EAJA does not begin "until after the post remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

The motion presently before this Court is for an award of attorney fees in a case remanded pursuant to "sentence six." Said case was remanded to the agency on November 2, 2012, and there has been no showing that post remand proceedings have been completed. As such, no final judgment has been made in this case, and Plaintiff has not established that he is a prevailing party. Accordingly, we find that Plaintiff's motion for fees is premature, and recommend that said motion be denied at this time.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 28th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)